**BECKER LLC**
Michael E. Holzapfel, Esq. (031022002)
Wesley Bridges, Esq. (032422003)
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039
(973) 251-8943
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield of New Jersey*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIVERSITY SPINE CENTER., on assignment of Maria A., | Civil Case No.: |
| *Plaintiff*, | |
| v. | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, | **NOTICE OF REMOVAL** |
| *Defendant*. | |

**PLEASE TAKE NOTICE** that Defendant, Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), by its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441(a) & (c), and 28 U.S.C. § 1446 in the Office of the Clerk of the United States District Court for the District of New Jersey, for removal of the above-captioned litigation from the Superior Court of New Jersey, Law Division, Passaic County, Docket Number PAS-L-3114-17, where it is now pending, to the United States District Court for the District of New Jersey. Defendant states as follows:

1. Plaintiff University Spine Center ("Plaintiff"), on assignment of Maria A. ("Participant"), by way of Complaint against Horizon, seeks damages against Horizon for sums Plaintiff claims are due under an alleged Horizon health benefit plan issued to the Participant.

On the face of the Complaint, Plaintiff expressly pleads federal questions, and Plaintiff's claims relate to a health benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. As such, this Court is authorized to exercise removal jurisdiction over the action.

2. According to the Complaint (attached hereto as <u>Exhibit A</u>), Plaintiff is a healthcare provider based in Passaic County, New Jersey. *Complaint*, ¶¶ 1, 2.

3. According to the Complaint, Plaintiff provided medical services to the Participant on April 10, 2013, April 29, 2013, and May 27, 2014. *Complaint*, ¶ 4.

4. Plaintiff asserts derivative standing to prosecute this lawsuit as a participant or beneficiary under the ERISA. *Complaint*, ¶ 8.

5. According to the Complaint, the health benefit plan under which Plaintiff seeks to recover is an ERISA plan. *Complaint*, ¶¶ 8, 24, and 33.

6. Plaintiff's complaint asserts two causes of action under ERISA against Horizon, to wit: (i) failure to make payments pursuant to an employee welfare benefit plan, contrary to 29 U.S.C. § 1132(a)(1)(B); and (ii) breach of fiduciary duty, contrary to 29 U.S.C. §§ 1104-1105. Plaintiff's complaint also asserts a single cause of action for breach of contract.

7. Federal question jurisdiction exists in this matter pursuant to 28 U.S.C. § 1331, which provides that the District Court has original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States."  ERISA itself further provides that the District Courts of the United States shall have exclusive and/or concurrent jurisdiction over the ERISA causes of action pleaded in the complaint.  29 U.S.C. § 1132(e) (1).

8. With respect to Plaintiff's single claim for breach of contract, ERISA expressly preempts any state law claim insofar as it may "relate to" an employee welfare benefit plan. 29

U.S.C. § 1144(a). A claim "relates to" an employee welfare benefit plan if it "has a connection with or reference[s] such a plan." *Pilot Life Ins. Co. v. Deleaut*, 481 U.S. 41 (1987). State law breach of contract claims seeking payment for benefits claimed to have been wrongfully withheld or denied under an employee welfare benefit plans are deemed preempted by 29 U.S.C. § 1144 and are deemed to be governed exclusively by ERISA's civil enforcement provisions, 29 U.S.C. § 1132. *See id.*

9. Accordingly, Horizon removes this matter based on federal question jurisdiction, as this Court has original jurisdiction over the entirety of Plaintiff's Complaint.

10. Horizon was served with process on October 6, 2017. Removal is therefore timely under 28 U.S.C. § 1446(b) because less than thirty days have elapsed since the date of service upon Horizon. *See Delalla v. Hanover Ins. Co.*, 660 F.3d 180 (3d Cir. 2011).

11. This Court is the proper venue for removal under 28 U.S.C. §§ 1441(a) and 1445(a).

12. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff. A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court of New Jersey, Law Division, Passaic County in the form attached hereto as <u>Exhibit B</u>.

13. In filing this Notice of Removal, Horizon does not waive any defenses pertaining to venue, personal jurisdiction, or service of process.

14. Based on the foregoing, Horizon respectfully request that the United States District Court for the District of New Jersey issue such orders and processes as are necessary to preserve its jurisdiction over this matter.

> **BECKER LLC**
> *Attorneys for Defendant*
> *Horizon Blue Cross Blue Shield of New Jersey*
>
>
> */s/ Michael E. Holzapfel*
> Michael E. Holzapfel

Dated: October 31, 2017

## LOCAL CIVIL RULE 11.2 VERIFICATION

      Other than the action filed in the Superior Court of New Jersey, Law Division, Passaic County, which is the subject of this Notice of Removal, the matter in controversy is not, to the best of Horizon's knowledge, information, and belief, the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                **BECKER LLC**
                                Attorneys for Defendant


                                */s/ Michael E. Holzapfel*
                                MICHAEL E. HOLZAPFEL


Dated: October 31, 2017