**BECKER LLC**
Michael E. Holzapfel, Esq. (031022002)
Kristen J. Coleman, Esq. (124152015)
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039
(973) 251-8943
*Attorneys for Defendant Horizon Blue Cross Blue Shield of New Jersey*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIVERSITY SPINE CENTER, on assignment of MARIA A., | Civil Case No.: 17-CV-10198-ES-SCM |
| Plaintiff, | |
| v. | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, | **ANSWER AND AFFIRMATIVE DEFENSES** |
| Defendant. | |

Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), by and through its counsel, Becker LLC, by way of answer to the above-captioned Complaint filed by Plaintiff University Spine Center, on assignment of Maria A., hereby states as follows:

### THE PARTIES

1.      Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and leaves Plaintiff to its proofs.

2.      By way of response to the allegations contained in Paragraph 2, Horizon states that it is a not-for-profit health services corporation authorized to transact business in the State of New Jersey with its principal place of business at Three Penn Plaza East in Newark, New Jersey. Except as so stated, Horizon denies the allegations contained in Paragraph 2.

1

## ANATOMY OF THE CLAIM

3.      Denied.

4.      To the extent the allegations contained in Paragraph 4 derive from a characterization of a document attached to the Complaint as an exhibit, Horizon avers that that document speaks for itself and denies any characterization thereof by Plaintiff.  Except as so stated, Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and leaves Plaintiff to its proofs.

5.      To the extent the allegations contained in Paragraph 5 derive from a characterization of a document attached to the Complaint as an exhibit, Horizon avers that that document speaks for itself and denies any characterization thereof by Plaintiff.  Except as so stated, Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and leaves Plaintiff to its proofs.

6.      To the extent the allegations contained in Paragraph 6 derive from a characterization of a document attached to the Complaint as an exhibit, Horizon avers that that document speaks for itself and denies any characterization thereof by Plaintiff.  Except as so stated, Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and leaves Plaintiff to its proofs.

7.      To the extent the allegations contained in Paragraph 7 derive from a characterization of a document attached to the Complaint as an exhibit, Horizon avers that that document speaks for itself and denies any characterization thereof by Plaintiff.  Except as so stated, Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and leaves Plaintiff to its proofs.

8.     To the extent the allegations contained in Paragraph 8 derive from a characterization of a document attached to the Complaint as an exhibit, Horizon avers that that document speaks for itself and denies any characterization thereof by Plaintiff. Horizon specifically denies that the referenced exhibit constitutes a valid assignment of benefits.

9.     To the extent the allegations contained in Paragraph 9 derive from a characterization of a document attached to the Complaint as an exhibit, Horizon avers that that document speaks for itself and denies any characterization thereof by Plaintiff. Except as so stated, Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and leaves Plaintiff to its proofs.

10.    To the extent the allegations contained in Paragraph 10 derive from a characterization of a document attached to the Complaint as an exhibit, Horizon avers that that document speaks for itself and denies any characterization thereof by Plaintiff.  Horizon avers that the subject claim processed according to the terms of the relevant health benefits plan.

11.    To the extent the allegations contained in Paragraph 11 derive from a characterization of a document attached to the Complaint as an exhibit, Horizon avers that that document speaks for itself and denies any characterization thereof by Plaintiff.  Except as so stated, Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.    To the extent the allegations contained in Paragraph 12 derive from a characterization of a document attached to the Complaint as an exhibit, Horizon avers that that document speaks for itself and denies any characterization thereof by Plaintiff.  Except as so stated, Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and leaves Plaintiff to its proofs.

13.     Other than to specifically deny that Horizon was obligated to remit any additional payment or furnish any documents to Plaintiff, Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and leaves Plaintiff to its proofs.

14.     By way of response to the allegations contained in Paragraph 14, Horizon avers that its role with respect to the subject health benefit plan, if any, is set forth in the applicable plan documents, which speak for themselves.   Except as so stated, Horizon denies the allegations contained in Paragraph 14.

15.     Denied.

16.     Denied.

**COUNT ONE**

**BREACH OF CONTRACT**

17.     Horizon incorporates the foregoing responses to the Complaint as if fully set forth herein.

18.     By way of response to the allegations contained in Paragraph 18, Horizon avers that the plan participant's entitlement, if any, to benefits under the subject health benefits plan is governed by the plan's terms and conditions, which speak for themselves.

19.     Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and leaves Plaintiff to its proofs.

20.     Horizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and leaves Plaintiff to its proofs.

21.     Denied.

22.     Denied.

**WHEREFORE**, Horizon demands a judgment in its favor, dismissing Plaintiff's Complaint in its entirety and with prejudice, together with an award of attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

**COUNT TWO**

**FAILURE TO MAKE ALL PAYMENTS PURSUANT TO THE MEMBER'S PLAN UNDER U.S.C. § 1132(a)(1)(B)**

23.     Horizon incorporates the foregoing responses to the Complaint as if fully set forth herein.

24.     Horizon admits that ERISA governs this dispute.

25.     To the extent the allegations contained in Paragraph 25 purport to summarize a federal statute, Horizon avers that the statute speaks for itself and denies any characterization thereof by Plaintiff.  Horizon specifically denies that Plaintiff is a "beneficiary" or "participant" under ERISA.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

**WHEREFORE**, Horizon demands a judgment in its favor, dismissing Plaintiff's Complaint in its entirety and with prejudice, together with an award of attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

## <u>COUNT THREE</u>

**BREACH OF FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1)
and 29 U.S.C. § 1105(a)**

32.     Horizon incorporates the foregoing responses to the Complaint as if fully set forth herein.

33.     To the extent the allegations contained in Paragraph 33 purport to summarize a federal statute, Horizon avers that the statute speaks for itself and denies any characterization thereof by Plaintiff. Horizon specifically denies that Plaintiff is a "participant, beneficiary, or fiduciary" with standing under ERISA.

34.     To the extent the allegations contained in Paragraph 34 purport to summarize a federal statute, Horizon avers that the statute speaks for itself and denies any characterization thereof by Plaintiff.

35.     To the extent the allegations contained in Paragraph 35 purport to summarize a federal statute, Horizon avers that the statute speaks for itself and denies any characterization thereof by Plaintiff.

36.     To the extent the allegations contained in Paragraph 36 purport to summarize a federal statute, Horizon avers that the statute speaks for itself and denies any characterization thereof by Plaintiff.

37.     To the extent the allegations contained in Paragraph 37 purport to summarize a federal statute, Horizon avers that the statute speaks for itself and denies any characterization thereof by Plaintiff.

38.     To the extent the allegations contained in Paragraph 38 purport to summarize a federal statute, Horizon avers that the statute speaks for itself and denies any characterization thereof by Plaintiff.

39.     Denied.

40.     Denied.

**WHEREFORE**, Horizon demands a judgment in its favor, dismissing Plaintiff's Complaint in its entirety and with prejudice, together with an award of attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Horizon fulfilled all obligations, if any, under the relevant health benefits plans at issue in this action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff seeks recovery for a claim that is not eligible for coverage according to the terms of the relevant health benefit plan.

### FOURTH AFFIRMATIVE DEFENSE

Horizon denies the reasonableness, accuracy and appropriateness of the charges alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is precluded in whole or in part by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001 et seq.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to sue and is not in privity with Horizon.

## SEVENTH AFFIRMATIVE DEFENSE

Horizon owes no legal, equitable, or contractual duty to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Horizon acted reasonably and in good faith with Plaintiff at all times.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred to the extent that the subject procedures processed and reimbursed at the appropriate amount under the relevant health benefits plan

## TENTH AFFIRMATIVE DEFENSE

Horizon reserves the right to assert a right of recovery in connection with the subject services.

## ELEVENTH AFFIRMATIVE DEFENSE

The assignment of benefits on which Plaintiff relies for derivative standing is defective under applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the express terms of the relevant contracts of insurance underlying Plaintiff's claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred to the extent that Plaintiff is not a beneficiary of any contracts of insurance between Horizon and any other party.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, estoppel, waiver, laches, and/or acquiescence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by third-parties over whom Horizon exercised no control.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred to the extent Plaintiff seeks recovery for claims not covered under the relevant health benefit policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent the subject health benefit plan is self-insured, Horizon is not a proper party to this lawsuit.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are subject to applicable offsets and recoupments.

## NINETEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, due to Plaintiff's failure to mitigate damages.

## TWENTIETH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent the Court requires an express admission or denial of those allegations in the Complaint to which Horizon has pleaded a lack of knowledge or information, those allegations are expressly denied as to Horizon.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Horizon reserves the right to assert additional affirmative defenses, cross-claims and/or counterclaims as necessary or appropriate in this action.

## LOCAL CIVIL RULE 11.2 VERIFICATION

The matter in controversy is not, to the best of defendants' knowledge, information, and belief, the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**BECKER LLC**
Attorneys for Defendant

By: /s/ *Kristen J. Coleman* ___
       Kristen J. Coleman, Esq.

Dated: November 21, 2017